IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 5, 2011

## STATE OF TENNESSEE v. ELTON CRAWFORD

**Direct Appeal from the Criminal Court for Shelby County**
**No. 09-02791     Lee V. Coffee, Judge**

**No. W2010-00212-CCA-R3-CD  - Filed March 16, 2011**

The defendant, Elton Crawford, entered an <u>Alford</u> guilty plea in the Shelby County Criminal Court to the attempted rape of his daughter and was sentenced as a Range I, standard offender to four years in the county workhouse. The sole issue he raises on appeal is whether the trial court abused its discretion in denying his request for probation. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Paul K. Guibao, Memphis, Tennessee, for the appellant, Elton Crawford.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Senior Counsel; William L. Gibbons, District Attorney General; and Carrie Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

On April 28, 2009, the Shelby County Grand Jury returned an indictment charging the defendant with rape, a Class B felony, based on his intentional sexual penetration of his daughter by the use of force or coercion between the dates of February 18, 2004 and January 29, 2009. On November 16, 2009, the defendant entered a best interest guilty plea to attempted rape, a Class C felony, and was sentenced by the trial court to four years as a Range I offender. The transcript of the guilty plea hearing is not included in the record on appeal. The trial court, however, set out the facts surrounding the plea at the January 7, 2010

sentencing hearing at which it considered the defendant's request for probation:

>    The allegations to which [the defendant] stipulated a factual basis, while maintaining his innocence and disagreeing with those facts, would indicate that this is a fifteen-year-old child who reported to the police that over a period of time, that she had either vaginal sex or other sexual penetrations, intercourse, with this Defendant some thirty times, beginning at the age of twelve at the Defendant's home.

>    The facts were, that the State would have presented, is that the Defendant allegedly forced himself on this victim and allegedly threatened to kill her and injure family members if she reported some thirty instances of rape that this Defendant committed.

The only evidence introduced at the sentencing hearing was the presentence report, which reflected that the forty-year-old defendant had a fairly extensive criminal history, including convictions for attempted rape, aggravated rape, assault, domestic violence, patronizing prostitution, attempted violation of the sex offender registry act, and cruelty to animals. Further information included in the report was that the victim of the defendant's attempted rape conviction was fifteen years old and that the defendant reported that he had owned an automotive shop in Memphis for the past nine or ten years.

At the sentencing hearing, defense counsel acknowledged that the defendant had an unfavorable criminal record but argued that he should nevertheless be granted probation. In support, he pointed to the defendant's positive employment history and the expressed wishes of the victim, who, according to counsel, had been "adamant in her desire" to have the defendant "placed on probation rather than face additional jail time." The trial court denied the request, finding, among other things, that confinement was necessary in light of the defendant's long history of criminal behavior and to avoid depreciating the seriousness of the offense and to serve as a deterrence both to the defendant and to others similarly situated.

## ANALYSIS

The defendant contends that the trial court abused its discretion in denying his request for probation, arguing that it should have considered the wishes of the victim pursuant to the Victims' Bill of Rights, Tennessee Code Annotated section 40-38-101 *et seq*. The defendant additionally argues that the trial court erred by holding the hearing at a time when the victim was in the hospital and unable to attend.

As an initial matter, we note that the record reflects that defense counsel never asked the trial court to continue the hearing so that the victim could attend. Instead, counsel informed the court that the victim was hospitalized and unable to attend the hearing, that she was interested in the matter and "desirous" that counsel keep her informed, that both he and the prosecutor had spoken with her and were aware of "her very adamant desire that [the defendant] be placed on probation," and that they "felt [they] needed to move forward, based on that statement to the Court." Thus, we conclude that there was no error in the trial court's holding of the hearing in the absence of the victim.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses, (h) any statements made by the accused in his own behalf, and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2010); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6) (2006)). Instead, the advisory sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2010).

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. Tenn. Code Ann. § 40-35-303(a) (2010). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he is a suitable candidate for probation. Id. § 40-35-303(b); State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Also relevant is whether a sentence of probation would unduly depreciate the seriousness of the offense. See State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997); Bingham, 910 S.W.2d at 456.

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1) (2010).

The trial court based its denial of alternative sentencing on the defendant's poor potential for rehabilitation; his long criminal history, which included his prior convictions for rape and attempted rape; and the seriousness of the offense. Contrary to the defendant's assertions, the court did, in fact, consider the victim's wishes when reaching its sentencing determinations in the case. The court concluded, however, that the victim's desire for the

defendant to receive probation was outweighed by the many factors that weighed against the granting of an alternative sentence. The court's very thorough ruling states in pertinent part:

> And this Court does take into consideration, and the Court does grant deference in appropriate cases where a victim says, "[Trial Court], this is what I want you to do on a certain case," but this is not this victim versus [the defendant.] This is the State of Tennessee versus [the defendant], and [the defendant] had committed this offense against the peace and dignity of the State of Tennessee, and when this Court considers whether or not it is reasonably likely that [the defendant] will rehabilitate himself, that he will abide by the terms and conditions of a suspended sentence, this Court has to conclude overwhelmingly that he will not abide by the terms and conditions of any suspended sentence, that it is reasonably likely that [the defendant] will continue to engage in acts similar to the one that he pled guilty to, having now been convicted three times over the last twenty years of committing rapes or attempted rapes against folks in this community, and, again, over . . . twenty-eight years of practicing law, I don't think I've seen that.
>
> To put [the defendant] on probation would depreciate the seriousness of this offense. It would depreciate the seriousness of his record. And this Court does not believe that he is likely to abide by the terms and conditions of any suspended sentence, and for those reasons, the Court will deny the petition.

We find no error in the trial court's sentencing determinations. As the trial court noted, the defendant has a fairly extensive record, which includes convictions for aggravated rape and attempted rape and a guilty plea conviction for attempted violation of the sex offender registry act. We agree with the trial court that the defendant's young daughter's desire that he receive a lenient sentence is not sufficient to overcome the negative factors that weigh against the granting of probation. We conclude, therefore, that the record fully supports the trial court's denial of the defendant's request for probation.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE